SECOND DIVISION

June 28, 2005

No. 1-04-1931

PAMELA SPURGEON, Individually, and ) Appeal from the 

as Special Administrator of the Estate ) Circuit Court of

of JENNA SPURGEON, Deceased, and ) Cook County.

MARK SPURGEON, ) 

) 

Plaintiffs-Appellants, ) 

)

v. )

) 

RICHARD MRUZ, M.D., RICHARD MRUZ, )     

S.C., and TIMOTHY ALBION, M.D.,     ) Honorable

      ) Leonard L. Levin,

Defendants-Appellees. ) Judge Presiding.    

JUSTICE WOLFSON delivered the opinion of the court:

Following a jury trial of the plaintiffs’ medical malpractice action, the jury found in favor of defendant Richard Mruz, M.D.
(footnote: 1)  The plaintiffs appeal the trial court’s denial of their motion to bar the defendant’s expert witness from testifying.  They contend the court abused its discretion in allowing the witness to testify where the witness was not produced for a deposition until trial had commenced.  We affirm.

FACTS

The plaintiffs filed their complaint on August 4, 2000, alleging defendants failed to properly treat and diagnose Pamela Spurgeon, resulting in the death of 24-week-old Jenna Spurgeon shortly after delivery.

The cause was set for trial June 6, 2003.  On May 20, 2003, defendant filed a motion to continue trial date based on a conflict in his attorney’s trial schedule.  The trial was continued to August 15, 2003.

On August 1, 2003, the defendant filed an agreed motion to continue trial date based on the parties’ inability to coordinate expert discovery of the defendant, and the fact that plaintiffs’ counsel’s wife was due to deliver a baby on the date of trial.  A new trial date was set for December 12, 2003.

On October 24, 2003, defendant first disclosed his Rule 213 expert witness, Fred DuBoe, M.D.  In the disclosure, defendant described the opinions he expected Dr. DuBoe to express in his testimony.  He attached Dr. DuBoe’s curriculum vitae.  A deposition of Dr. DuBoe was scheduled for November 26, 2003, but defendant cancelled the deposition on November 25th.   

On November 18, 2003, defendant filed a motion to continue trial date based on defendant’s counsel’s conflicts with two other cases set for trial.  The case was set for trial on February 10, 2003.  The order was marked "final trial date," and defendant’s expert witness was ordered to be deposed by January 20, 2004.  

Plaintiffs’ counsel informed defendant he would be out of the country from January 6, 2004, until January 15, 2004, and demanded a date for the deposition of Dr. DuBoe to accommodate his absence.  Defense counsel informed plaintiffs’ counsel the only date Dr. DuBoe was available for a deposition was on January 16, 2004.  On January 15 or 16, 2004, defendant’s counsel cancelled the deposition without giving an explanation.  

Defense counsel scheduled the deposition of Dr. DuBoe for Sunday evening, February 8, 2004.  Plaintiffs’ counsel informed defense counsel he would not be taking the deposition on that date and would seek to bar Dr. Duboe from testifying.  Plaintiffs’ counsel declined defense counsel’s offer to schedule the deposition on February 9, 2004, one day prior to trial.

On February 10, 2004, plaintiffs filed a motion to bar Dr. DuBoe.
(footnote: 2)  The court denied the motion.  During a hearing on the motion, the trial judge offered to schedule the deposition at any time convenient to the plaintiffs at defendant’s expense.  The first witnesses in the case were due to be called on February 13, 2004, following jury selection.  Plaintiffs’ counsel declined the offer, telling the judge it would compromise his case because he needed time to prepare for trial.  The judge then suggested plaintiffs’ counsel make a list of information he needed for his cross-examination of Dr. Duboe, and defendant would supply the answers in writing.  Plaintiffs’ counsel told the court he would make the list and give it to defense counsel, but he did not do so.   

At trial, Dr. DuBoe testified as an expert witness for the defendant.  Plaintiffs’ counsel did not renew his objection when Dr. DuBoe was called to testify.  He cross-examined Dr. DuBoe regarding his affiliation with the defendant, evident from his curriculum vitae.  Counsel did not cross-examine Dr. DuBoe on any of his substantive testimony.  In his closing argument, defense counsel argued plaintiffs’ counsel must have agreed with Dr. DuBoe’s testimony because there was no cross-examination on the substance of his testimony.  The jury returned a verdict for the defendant.

Plaintiffs filed a post-trial motion, contending they were prejudiced by not having an opportunity to depose Dr. DuBoe before trial, and the court abused its discretion by refusing to bar his testimony.  The court denied the motion.  Plaintiffs appeal.

DECISION

The issue in this case is whether the defendant’s expert witness should have been allowed to testify.  At the outset, the plaintiffs waived the issue by failing to renew their objection when Dr. DuBoe was called to testify.  A party must make a timely objection to preserve an issue for appellate review.  Timeliness requires that objections to evidence be made at the time the evidence is offered or as soon as grounds for the objection become apparent.  
Sinclair v. Berlin
, 325 Ill. App. 3d 458, 467, 758 N.E.2d 442 (2001).  A party who, prior to trial, unsuccessfully moves to bar certain evidence, must object again to the evidence when it is offered.  
Scassifero v. Glaser
, 333 Ill. App. 3d 846, 855-56, 776 N.E.2d 859 (2002).  
Although the plaintiffs filed a motion 
in
 
limine
 to bar Dr. DuBoe’s testimony, they did not renew their objection when he was called to the stand to testify.  The plaintiffs made several Rule 213 objections to specific portions of the witness’s testimony, but they failed to object to the witness testifying at all.  Therefore, plaintiffs have waived consideration of this issue on appeal.  

Even if the issue were not waived, the court did not abuse its discretion by refusing to bar the expert’s testimony. Plaintiffs contend the defendant violated Rule 213, and contend the court erred in failing to impose the sanction of barring the witness’s testimony.  

Rule 213 requires a party, in response to written interrogatory, to disclose the identity of the party’s retained expert witness, as well as: (1) the subject matter of his or her testimony, (2) any opinions or conclusions and their bases, (3) the witness’s qualifications, and (4) any reports prepared by the witness.  Official Reports Advance Sheet No. 8 (April 17, 2002), R. 213(f)(3), eff. July 1, 2002.  Information disclosed in response to a Rule 213(f) interrogatory, or at deposition, limits the testimony that can be given be given by a witness on direct examination.  Official Reports Advance Sheet No. 8 (April 17, 2002), R. 213(g), eff. July 1, 2002
.  

The Rule 213 disclosure requirements are mandatory and subject to strict compliance by the parties.  
Seef v. Ingalls Memorial Hospital
, 311 Ill. App. 3d 7, 21, 724 N.E.2d 115 (1999).  The admission of such evidence is within the trial court’s discretion and will not be reversed absent an abuse of that discretion.  
Scassifero
, 333 Ill. App. 3d at 855.   

In support of their contention, plaintiffs rely on cases in which the trial court erroneously allowed witnesses to testify with new opinions not previously disclosed pursuant to Supreme Court Rule 213, resulting in reversal and remand.  
Seef
, 311 Ill. App. 3d at 21; 
Department of Transportation v. Crull
, 294 Ill. App. 3d 531, 534, 690 N.E.2d 143 (1998).  They also cite cases in which a party failed to disclose an expert witness in response to interrogatories under Supreme Court Rule 201, 166 Ill. 2d R. 201, 
Boatmen’s National Bank of Belleville v. Martin
, 155 Ill. 2d 305, 314, 614 N.E.2d 1194 (1993), or failed to disclose an expert witness until 11 days before trial, 
Warrender v. Millsop
, 304 Ill. App. 3d 260, 266, 710 N.E.2d 512 (1999).  None of these situations is present in this case.  

The defendant disclosed Dr. DuBoe as an expert witness more than three months prior to trial.  Plaintiffs chose to proceed with trial and did not request a continuance in order to depose the witness.  Furthermore, the trial court offered to schedule the deposition at any time and place convenient to the plaintiffs, at defendant’s expense.  Plaintiffs refused the offer.  Plaintiffs also refused the trial court’s suggestion of submitting to the defendant a list of information needed for cross-examination.  

Plaintiffs refer to Dr. DuBoe’s testimony as "new opinion testimony" which "had never been disclosed nor tested during deposition."  Nowhere do they contend, however, that Dr. DuBoe testified to opinions that were not previously disclosed in the Rule 213(f) disclosure filed three months prior to trial.  Plaintiffs make no showing of surprise or prejudice.  See 
Boatmen’s
, 155 Ill. 2d at 315-16.  They offer no specific example of trial testimony that was not included in Dr. DuBoe’s Rule 213(f) responses. 

In their reply brief, the plaintiffs point us to the language of Illinois Supreme Court Rule 218(c): "***and the completion of discovery shall be chosen to ensure that discovery will be completed not later than 60 days before the date on which the trial court reasonably anticipates the trial will commence."  166 Ill. 2d R. 218(c).  Plaintiffs made no such argument in their opening brief.  Further, Rule 218(c) refers to the contents of a case management order, "unless modified."  It has nothing to do with the requirements of Rule 213.  This last-minute contention has no merit.  

The plaintiffs have cited no authority holding that the unavailability of a witness for a deposition violates Supreme Court Rule 213. 
 The trial court did not abuse its discretion in refusing to bar
 testimony of Dr. DuBoe where there was no showing of a violation of Supreme Court rules.  

We affirm the rulings and judgment of the trial court.

Affirmed.

BURKE, P.J., and GARCIA, J., concur.

FOOTNOTES
1:
Defendant Timothy Albion, M.D. was granted summary judgment on March 7, 2001, and is not a party to this appeal.

2:
Plaintiffs also sought to bar defense expert Robin Steinhorn, M.D.  Defendant later withdrew Dr. Steinhorn as a witness.