SECOND DIVISION
FILED: March 4, 2008

No. 1-07-0970

| | | |
|---|---|---|
| WHEELER-DEALER, LTD., an Illinois Corporation, | ) ) ) | APPEAL FROM THE CIRCUIT COURT OF COOK COUNTY |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| ROGER CHRIST, individually and d/b/a/ R&R BUILDING INVESTMENTS, | ) ) ) | HONORABLE MARTIN S. AGRAN, |
| Defendant-Appellee. | ) | JUDGE PRESIDING. |

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Wheeler-Dealer, Ltd., filed a two-count amended complaint in the instant action seeking, in count I, reformation of a deed conveying all of lot 4 of Massey's Addition to Fairmont, a subdivision in Blue Island, Illinois (Lot 4). Count II, pled in the alternative to count I, sought rescission of the same deed. Following a bench trial, the circuit court entered judgment in favor of the defendant, Richard Christ, on both counts of the amended complaint. The plaintiff filed a timely notice of appeal.

In its brief filed with this court, the plaintiff states that it is not pursuing an appeal from the circuit court's judgment on count II, the rescission count, and the plaintiff has not presented any arguments in relation thereto. Consequently, any claim of error in the circuit court's entry of a judgment in favor of the

defendant on count II has been waived. 210 Ill. 2d R. 341(h)(7). We restrict our analysis to the plaintiff's claims of error in the circuit court's judgment on count I, the reformation action.

Count I of the plaintiff's amended complaint alleges that, on October 9, 2004, the plaintiff as seller and the defendant as purchaser executed a contract for the sale and purchase of a certain parcel of real property described, in part, as the east 165 feet of Lot 4. However, when the sale was closed on December 28, 2004, the plaintiff delivered a special warranty deed conveying all of Lot 4 to R&R Building Investments, the defendant's nominee. According to the complaint, the conveyance of all of Lot 4 was a "scrivener's error," and the product of a mutual mistake of fact. In count I of its amended complaint, the plaintiff asked the court to reform the deed by deleting from the legal description that portion of Lot 4 which had been excluded from the parties' contract.

In his answer to count I of the amended complaint, the defendant admitted the execution of the contract as alleged by the plaintiff, but denied that he only intended to purchase the east 165 feet of Lot 4. He denied that the conveyance of all of Lot 4 was the result of a mutual mistake of fact.

At trial, the defendant testified that he attended a real estate auction on October 9, 2004, and received a bid brochure at that time. He stated that he was interested in purchasing the land and building at 12531 S. Vincennes in Blue Island, Illinois, which

was listed by that address as parcel No. 54 in the bid brochure. As described in the brochure, the property had a metal garage building located on it which was being used as an auto shop. The defendant testified that he intended to use the metal building as a warehouse for the storage of cabinets. According to the defendant, the auctioneer made no disclosure prior to the bidding that the seller intended to retain any part of the property listed as 12531 S. Vincennes. He admitted that, prior to the auction, he had no idea that there was an advertising sign on the property, nor did the auctioneer make any reference to the sign. None of the auction materials described the property as containing an advertising sign. The defendant testified that the first time he found out that there was a sign on the property was approximately two months later.

The defendant admitted that he did not read the bid brochure "word for word" prior to the auction. After being shown the document, he acknowledged that the brochure states that it and all other auction related materials are subject to and superceded by the real estate contract which had been made available to all potential bidders prior to the auction.

The defendant maintained that he intended to purchase all of the property comprising 12531 S. Vincennes. Initially, he testified that he knew the boundaries of the property prior to the auction. However, later in his testimony, the defendant stated that, at the time he purchased the subject property, he had no idea

3

how large the parcel was.

After identifying the real estate sale contract which he signed on October 9, 2004, the defendant acknowledged that the address of 12531 S. Vincennes does not appear anywhere in the document. Rather, the contract contains a legal description of the property as the east 165 feet of Lot 4 and gives approximate dimensions of 50 feet by 165 feet. The defendant then identified a special warranty deed dated December 27, 2004, which conveyed all of Lot 4 to R&R Building Investments and a survey of Lot 4 showing the dimensions of Lot 4. According to the survey, Lot 4 is 206.27 feet on its northern border, 50 feet on its eastern border which abuts a private road, 224.77 feet on its southern border, and 53.30 feet on its western border which abuts Vincennes road. The metal building bearing the address of 12531 is located on the eastern portion of Lot 4, approximately 19 feet from the eastern border of the property.

David R. Gray, Jr. (Gray Jr.), the attorney who represented the plaintiff in the subject transaction, testified that he made a mistake when he included all of Lot 4 in the special warranty deed which he prepared. According to Gray Jr., instead of inserting the proper legal description of the east 165 feet of Lot 4 in the deed, he used a "cut and paste" method and mistakenly took the legal description, Lot 4, from the documents the plaintiff received when it obtained title to the property. Gray Jr. testified that he never discovered the error until several months after the closing.

4

NO. 1-07-0970

He admitted that the receipt given to the defendant when he posted his earnest money on the day of the auction lists 12531 S. Vincennes as the address of the property purchased, as does the closing statement. Gray Jr. also admitted that, about one month prior to the closing, he received a title commitment showing Lot 4 as the property involved in the transaction, but he stated that he would not have reviewed the legal description. He would only have reviewed title exceptions listed on schedule B of the commitment. Gray Jr. testified that, in addition to the special warranty deed, Lot 4 was mistakenly listed as the legal description of the property in other closing documents such as the affidavit of title and the state and county tax declarations.

Kevin Skalnick, who was employed by Gray Jr. as a law clerk at the time of the instant transaction, testified that, prior to the closing, he received a call from the law firm representing the defendant. According to Skalnick, he spoke to a woman named Donna regarding her concern that the legal description of the property as set forth on the sale contract did not match the legal description on the title commitment or the survey. He testified that he consulted with Gray Jr. about the discrepancy and told Donna that the legal description on the contract was correct. Donna Stasi, an employee of the law firm that represented the defendant in the instant transaction, testified that, although she assisted in the transaction, she did not remember having a discussion with anyone regarding a discrepancy between the legal description in the sales

5

contract and the description in the title commitment.

Timothy Gray, the president of the plaintiff corporation, testified that, when he decided to sell the portion of Lot 4 with the metal garage located on it, he never intended to sell that portion of the property upon which the advertising sign was located. Gray stated that he was present at the auction on October 9, 2004, and did not make any statements to the defendant about selling less than the entire parcel of property listed as 12531 S. Vincennes, nor did he instruct the auctioneer to announce to the bidders that it was only the east 165 feet of the property listed as 12531 S. Vincennes that was being sold. He admitted that the address of 12531 S. Vincennes was painted on the door of the metal building located on the property. Gray testified that he authorized his father, David R. Gray, Sr., to prepare the contract of sale and Gray Jr. to prepare the deed and all other documents necessary for a closing. According to Gray, he never authorized the preparation of any deed or closing documents that contained a legal description other than the one appearing on the sales contract. He acknowledged that 12531 S. Vincennes appears on the earnest money receipt given to the defendant on the day of the auction as the address of the property purchased and the same address appears on the closing statement.

Following the close of evidence, the circuit court entered judgment in favor of the defendant on both counts of the plaintiff's amended complaint. As to count I, the reformation

action, the circuit court found that the defendant never contemplated that he was going to receive less than the entire lot at 12531 S. Vincennes or that any portion of the land was going to be excluded from the transaction. This appeal followed.

The plaintiff argues that the judgment of the circuit court on its reformation claim is against the manifest weight of the evidence. According to the plaintiff, the conveyance of all of Lot 4 to the defendant was the result of a mutual mistake of fact. The plaintiff contends that the parties' contract unambiguously identifies the east 165 feet of Lot 4 as the parcel that it agreed to sell and the defendant agreed to purchase, and the variance between the legal description in the contract, the east 165 feet of Lot 4, and the legal description in the deed, Lot 4, was solely the result of Gray Jr.'s mistake in preparing the deed. The plaintiff concludes that the circuit court erred in failing to reform the legal description in the deed to conform to the legal description in the contract.

The purpose of an action for reformation is to change a written instrument by inserting some omitted provision or deleting some existing provision so that the document conforms to the original agreement of the parties. Schaffner v. 514 West Grant Place Condominium Ass'n, Inc., 324 Ill. App. 3d 1033, 1044, 756 N.E.2d 854 (2001). Before a deed will be reformed, satisfactory evidence of mistake must be presented. The mistake must be one of fact, not of law, and it must be mutual and common to both parties.

7

NO. 1-07-0970

Schmitt v. Heinz, 5 Ill. 2d 372, 379, 125 N.E.2d 457 (1955). The plaintiff has the burden of proving by clear and convincing evidence that the parties reached a meeting of the minds resulting in an actual agreement between them, but that, at the time that the deed was reduced to writing and executed, some agreed-upon provision was omitted or one not agreed upon was inserted either through mutual mistake or through mistake by one party and fraud by the other. See Sheldon v. Colonial Carbon Co., 116 Ill. App. 3d 797, 800, 452 N.E.2d 542 (1983). Whether the plaintiff in such an action has met its burden of proof is a question of fact to be resolved by the circuit court, and its decision in the matter will not be disturbed on review unless it is against the manifest weight of the evidence. Fisher v. State Bank of Annawan, 163 Ill. 2d 177, 182, 643 N.E.2d 811 (1994); Sheldon, 116 Ill. App. 3d at 800.

There is a presumption that a written instrument conforms to the intention of the parties. Sheldon, 116 Ill. App. 3d at 800. However, where a mutual mistake is alleged, parol or extrinsic evidence is admissible to show the true intent of the parties. Schmitt, 5 Ill. 2d at 379; Schaffner, 324 Ill. App. 3d at 1045. A mutual mistake is one that is common to the parties such that each labors under the same misconception. In such a case, the parties are in actual agreement, but the instrument to be reformed, in its present form, does not express the parties' real intent. See Bank of Naperville v. Holz, 86 Ill. App. 3d 533, 538, 407 N.E.2d 1102 (1980).

8

In this case, the plaintiff contends that the parties' contract unequivocally and unambiguously establishes their intent; namely, the sale and purchase of the east 165 feet of Lot 4, "[n]o more, no less." According to the plaintiff, its attorney made a mistake when he prepared a deed conveying all of Lot 4, and the defendant "made a mistake in accepting the Deed." The plaintiff concludes that the mistake was mutual.

The defendant appears to argue that the mistake in this case involved the very identity of the subject matter of the parties' contract. The defendant asserts that he always intended to purchase the entire premises identified in the bid brochure as 12531 S. Vincennes, which is legally described as Lot 4, not merely some portion thereof. He reasons that, if as it asserts, the plaintiff only intended to sell a portion of the property commonly known as 12531 S. Vincennes, there was no meeting of the minds and, as a consequence, no agreement upon which a claim for reformation could be based. The defendant's argument in this regard rests on the circuit court's finding that the plaintiff failed to prove a meeting of the minds by clear and convincing evidence.

The plaintiff asserts that the circuit court erred in considering any parol evidence as to the defendant's intent at the time that he signed the contract to purchase the east 165 feet of Lot 4. According to the plaintiff, the contract is clear, unambiguous and contains an integration clause stating that the document incorporates the entire understanding between the parties.

9

NO. 1-07-0970

The plaintiff argues that the circuit court erred in looking beyond the "four corners" of the contract in determining the intent of the parties. However, assuming for the sake of analysis that the evidence offered by the defendant did violate the parol evidence rule, the plaintiff waived any challenge to the circuit court's consideration of that evidence by failing to make a contemporaneous objection at trial.

Evidence violating the parol evidence rule may be considered by a trial court in the absence of a timely objection. Tolbird v. Howard, 43 Ill. 2d 357, 362, 253 N.E.2d 444 (1969). Timeliness requires that an objection be made when the evidence is offered at trial. Spurgeon v. Mruz, 358 Ill. App. 3d 358, 360, 832 N.E.2d 321 (2005). Although a party may have objected to the evidence at some pre-trial stage in the proceedings or unsuccessfully moved to bar the evidence prior to trial, it must still renew its objection at the time that the evidence is offered. Spurgeon, 358 Ill. App. 3d at 360-61. Failure to renew the objection when the evidence is offered at trial results in a waiver of any challenge to the circuit court's consideration of that evidence. Spurgeon, 358 Ill. App. 3d at 361; see also Dremco, Inc. v. Hartz Construction Co., 261 Ill. App. 3d 531, 534, 633 N.E.2d 884 (1994).

The plaintiff asserts that, during the "discovery stage" of the proceedings, it objected to the admission of any oral statements going to the intent of the parties at the time that they entered into the real estate contract and that it again objected to

10

NO. 1-07-0970

such evidence in its brief filed with the circuit court prior to the commencement of trial. Nevertheless, the record is devoid of any objection by the plaintiff to the introduction of parol evidence at the time that it was offered during the trial of the cause. Consequently, any objection to the circuit court having considered the extrinsic evidence offered by the defendant to establish his intent at the time that he entered into the real estate contract with the plaintiff has been waived.

The existence of a factual mistake is a prerequisite for relief in a reformation action. Friedman v. Development Management Group, Inc., 82 Ill. App. 3d 949, 953, 403 N.E.2d 610 (1980). Mistakes are divided into two groups. The first group consists of "those fundamental in character, relating to an essential element of the contract which prevent a meeting of the minds of the parties and so no agreement is made." Harley v. Magnolia Petroleum Co., 378 Ill. 19, 28, 37 N.E.2d 760 (1941). Mistakes relating to the identity of the subject matter of the contract are included within this first group. Harley, 378 Ill. at 28. The second group of mistakes involve circumstances in which an actual understanding has been reached by the parties but, through some error, their written contract does not express their actual understanding. "The former of these classes constitutes ground for rescission but not reformation, while the latter may be reformed." Harley, 378 Ill. at 28.

The defendant contended throughout this litigation that he

11

intended to purchase the entire property commonly known as 12531 S. Vincennes. His testimony in this regard is supported by the bid brochure for the auction on October 9, 2004, which described the property as 12531 S. Vincennes, and the receipt which the defendant received when he posted his earnest money deposit which also described the property as 12531 S. Vincennes. In contrast, the plaintiff's president testified that he never intended to sell all of Lot 4; rather, he only intended to sell the east 165 feet thereof. The contract entered into by the parties states that the property to be conveyed is the east 165 feet of Lot 4, and makes no reference to a common address of 12531 S. Vincennes. The survey admitted into evidence reveals that the parcel described in the contract, the east 165 feet of Lot 4, does not border Vincennes road. The only road frontage that the parcel has is 50 feet on the private road abutting its eastern border.

The circuit court found that the defendant never contemplated that he was purchasing anything less than the entire parcel commonly known as 12531 S. Vincennes. The inference being that the plaintiff prepared a contract for the sale of one parcel of land, and the defendant signed the contract thinking that he was purchasing a different parcel. The circuit court concluded that there was no meeting of the minds when the parties signed the real estate contract on October 9, 2004, and we are unable to find based upon the record before us that its determination in this regard is against the manifest weight of the evidence.

12

NO. 1-07-0970

When, as in this case, there has been no meeting of the minds, there can be no reformation. In cases where reformation is appropriate, the mistake involved is in the expression of an agreement between parties whose minds have met. See Harley, 378 Ill. at 28.

The plaintiff also argues that reformation of the deed to include only the east 165 feet of Lot 4 is appropriate in order to prevent the defendant from being unjustly enriched at its expense. However, the plaintiff has failed to cite any cases in support of the proposition that, in the absence of any underlying meeting of the minds, reformation of a written instrument is an appropriate remedy in order to prevent unjust enrichment. Failure to cite legal authority in support of an argument results in a waiver of the issue for purposes of appeal. 210 Ill. 2d R. 341(h)(7); Libertyville Toyota v. U.S. Bank, 371 Ill. App. 3d 1009, 1017-18, 864 N.E.2d 850 (2007). Waiver aside, we reject the argument on its merits.

Recovery under a theory of unjust enrichment is based on a contract implied in law. Because recovery under this theory is based upon an implied contract, where the parties' relationship is governed by a contract, the doctrine of unjust enrichment has no application. People ex rel. Hartigan v. E & E Hauling, Inc., 153 Ill. 2d 473, 497, 607 N.E.2d 165 (1992). Reformation of a written instrument is based upon proof of an underlying agreement between the parties which has been thwarted by a mutual mistake in

13

NO. 1-07-0970

transcription. <u>Harley</u>, 378 Ill. at 27-28; <u>Sheldon</u>, 116 Ill. App. 3d at 800; <u>Friedman</u>, 82 Ill. App. 3d at 953. The two concepts are fundamentally inconsistent. Unjust enrichment may only form the basis of recovery in the absence of an agreement between the parties; whereas, reformation may only be awarded in order to conform a writing to an actual agreement between the parties. We conclude, therefore, that the doctrine of unjust enrichment may not form the basis of a claim for reformation.

Based upon the foregoing analysis, we affirm the judgment of the circuit court in favor of the defendant on count I of the plaintiff's amended complaint, the reformation claim. Further, as noted earlier, the plaintiff has declined to pursue its appeal from the judgment entered in favor of the defendant on count II, its action for rescission. We, therefore, affirm the circuit court's judgment in its entirety.

Affirmed.

SOUTH and KARNEZIS, JJ., concur.