FIRST DIVISION

No. 1-08-3177

| | | |
|---|---|---|
| HUGH HOWARD, Individually and on Behalf of All Similarly Situated Persons, | ) ) ) | Appeal from the Circuit Court of Cook County. |
|     Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 05CH19182 cons. with Nos. 03CH116 & 06CH23586 |
| CHICAGO TRANSIT AUTHORITY, an Illinois Municipal Corporation, | ) ) ) | The Honorable Stuart E. Palmer, |
|     Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE LAMPKIN delivered the opinion of the court:

Plaintiff, Hugh Howard, filed a putative class action complaint against defendant, Chicago Transit Authority (CTA), alleging defendant's practice of allowing transit cards to expire one year after issuance while retaining any unused money left on the transit cards violates passengers' constitutional and statutory rights, breaches the CTA's fiduciary obligations, and entitles passengers to equitable relief. The trial court dismissed the complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2004)). Plaintiff contends the trial court erred in dismissing his complaint. Based on the following, we affirm.

FACTS

In 1997, plaintiff began using CTA transit cards. A CTA

1-08-3177

passenger can preload a self-designated amount of money on a transit card and the per-ride fee is deducted each time a passenger uses the card as payment for transport.  In 2005, plaintiff attempted to use one of his transit cards; however, it was denied.  Plaintiff learned that his transit card had expired. Up until that time, plaintiff was unaware that transit cards carried expiration dates printed on the back side of the cards. Once a transit card expired, plaintiff lost any remaining balance on that card.

On December 5, 2005, plaintiff filed his second amended class action complaint, which is the subject of this appeal.  Two other individuals, Edwin Pilcher and Kecia Jones, similarly filed class action complaints based on the same operative facts. Eventually, Howard's and Pilcher's complaints were consolidated and Jones' complaint was dismissed for want of prosecution.[1]

In his second amended complaint, plaintiff asserted eight causes of action:  (count I) violations of the due process and equal protection clauses of the federal Constitution; (count II) violations of the due process and equal protection clauses of the Illinois Constitution; (count III) a request for a declaratory

_____

[1]In the background of the case, there were numerous disputes among the attorneys of record in the various cases to disqualify one another from representing the named parties.

-2-

judgment imposing a constructive trust; (count IV) breach of fiduciary duty; (count V) unjust enrichment; (count VI) conversion; (count VII) violation of the Illinois Consumer Fraud and Deceptive Business Practices (815 ILCS 505/1 *et seq.* (West 2004)); and (count VIII) violation of the Illinois Uniform Deceptive Trade Practices Act (Deceptive Trade Practices Act) (815 ILCS 510 *et seq.* (West 2004)). The CTA filed a section 2-619.1 (735 ILCS 5/2-619.1 (West 2004)) motion to dismiss, alleging plaintiff's claims failed to sufficiently state the named causes of action pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2004)) and, in the alternative, the claims were defeated by an affirmative matter, namely, plaintiff's acceptance of the CTA's contract of carriage, pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2004)). In response, plaintiff withdrew counts I and VII of his second amended complaint.

The circuit court granted the CTA's motion to dismiss pursuant to section 2-619(a)(9).[2] The court found plaintiff's claims based on the CTA's alleged "wrongful conduct" could not stand because of the contractual relationship between the parties. The court said plaintiff failed to account for the fact

---

[2]The court did not rule on the CTA's section 2-615 motion to dismiss.

that any money lost on the expired transit cards resulted "from his own negligence" because he had several options to prevent such a loss. The court pointed to the printed terms on the transit card, specifically, the expiration date and the language providing that the transit card could not be redeemed, refunded, or replaced, and held that those terms were binding on plaintiff because he entered a contract for carriage with the CTA when he purchased the transit card. Specifically, the court said, "[t]he transit card has an expiration date. It cannot be *combined* with values on other cards. It cannot be *replaced*. It cannot be *refunded*. It cannot be *redeemed for cash*. The message is clear, use it up by the expiration date or lose it." (Emphasis in original.)

DECISION

Section 2-619(a)(9) of the Code permits the involuntary dismissal of a complaint when "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2004). When considering a motion to dismiss, this court "must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party." In re Chicago Flood Litigation, 176 Ill. 2d 179, 189, 680 N.E.2d 265 (1997). Our review is *de novo*. In re Chicago Flood Litigation, 176 Ill.

1-08-3177

2d at 189.

I. The Parties' Contract For Carriage

Plaintiff contends the trial court erred in finding that the terms and conditions found on the back of the transit card were contractual, thereby defeating his claims of wrongdoing against the CTA. Plaintiff admits that an expiration date is printed on the transit card and that there is language providing that the card cannot be replaced, refunded, or redeemed for cash. Plaintiff, however, contends the language at issue refers only to the use of the card itself and not to the use of the money placed on the card. We disagree.

It is well established that a passenger enters a contract for carriage with a carrier when the passenger offers himself to ride on the carrier's transportation and the carrier expressly or impliedly accepts by carrying the passenger to the agreed-upon destination for a designated fare. O'Donnell v. Chicago & Northwestern Ry. Co., 106 Ill. App. 287 (1903). Plaintiff and the CTA entered a contract for carriage when plaintiff purchased a transit card by depositing a chosen monetary amount and then used that transit card to ride the CTA to his desired destination, the requisite fair being deducted from the transit card balance in the process.

Moreover, the terms printed on plaintiff's transit cards

-5-

1-08-3177

became part of the contract for carriage. Our supreme court said:

> " 'The settled opinion is, that a passage ticket, in
> the ordinary form, is merely a voucher, token or
> receipt, adopted for convenience, to show that the
> passenger has paid his fare from one place to another,
> and does not constitute the contract of carriage,
> *although it often does have upon it some condition or
> limitation which enters into and forms a part of the
> contract*. Accordingly, it is admissible to prove by
> parol evidence the terms of the contract in fact
> entered into between the carrier and the passenger.' "
> (Emphasis added.) Chicago & Alton R.R. Co. v.
> Dumser, 161 Ill. 190, 194-95, 43 N.E. 698 (1896).

The terms on a fare pass are incorporated into the carrier's contract for carriage and are enforceable as written. See Stack v. Regional Transportation Authority, 101 Ill. 2d 284, 290, 461 N.E.2d 969 (1984).

Here, the record demonstrates that the back side of the transit card said the card "must be used by the expiration date shown" and the "[p]urchaser does not have the right to have his/her card replaced, refunded or redeemed for cash." In addition, the regulations section of the transit card provided

-6-

that "[u]se of the Transit Card is subject to all applicable tariffs, terms, conditions, rules, regulations, polies and procedures CTA may in its discretion adopt from time to time." Therefore, by purchasing and using the transit card, plaintiff agreed to its terms and conditions.  The terms and conditions clearly stated that plaintiff was required to use the transit card by the expiration date provided.  Moreover, plaintiff was not entitled to a refund of any sort.  As a result, if plaintiff failed to redeem the total amount of money deposited on the card by the date shown, he was not entitled to a refund of the remaining balance.

The use of the card is part and parcel of using the money deposited on the card.  Without money deposited on the card, plaintiff could not use the transit card to fulfill his fair obligation, and the CTA could not accept the transit card as payment satisfaction if the card was expired or did not have enough money remaining on balance for the fare.

Additionally, contrary to plaintiff's contention, the contract between the parties was not an escrow contract.  In an escrow contract, a grantor and a third party execute a written instrument under which the grantor gives funds to the third party to hold until a designated time when those funds are delivered to a grantee.  Midwest Decks, Inc. v. Butler & Baretz Acquisitions,

1-08-3177

Inc., 272 Ill. App. 3d 370, 379, 649 N.E.2d 511 (1995). Here, there is no third party temporarily holding plaintiff's funds for later delivery to the CTA. Rather, plaintiff directly delivered the funds for the transit card to the CTA when he purchased it. Also, there is no written instrument detailing the alleged escrow agreement.

II. Plaintiff's Claims Were Properly Dismissed

A. Violation of the Illinois Constitution (Count II)

Plaintiff contends the trial court erred in dismissing count II because the CTA engaged in inverse condemnation by "taking" the remaining balance on his transit card without due process or just compensation. It is well settled that courts should avoid constitutional questions where a case may be decided on other grounds. Beahringer v. Page, 204 Ill. 2d 363, 370, 789 N.E.2d 1216 (2003). Here, we have concluded, based on theories of contract, that plaintiff entered into a contract for carriage with the CTA when he purchased his transit card. The terms and conditions printed on the back of the transit card became part of the contract. The alleged "taking" fell squarely under those terms and conditions when plaintiff failed to use the entirety of his balance prior to the expiration date. Count II was properly dismissed.

B. Declaratory Relief (Count III)

-8-

1-08-3177

Plaintiff contends the trial court erred in failing to award declaratory relief in the form of a constructive trust.

Declaratory judgment allows a trial court to become involved in a controversy " ' "after the dispute has arisen, but before steps are taken which give rise to claims for damages or relief. The parties to the dispute can then learn the consequences of their actions before acting." [Citations.] ' " Brandt Construction Co. v. Ludwig, 376 Ill. App. 3d 94, 101, 878 N.E.2d 116 (2007). "[T]he procedure should be used to afford security and relief against uncertainty with a view to avoiding litigation, not toward aiding it." Lihosit v. State Farm Mutual Automobile Insurance Co., 264 Ill. App. 3d 576, 580, 636 N.E.2d 625 (1993).

Declaratory judgment was not appropriate here. The parties' positions were fixed when the controversy was brought to the trial court; in fact, plaintiff had filed a complaint based on the actions giving rise to the claim for relief. Plaintiff asserted a challenge because of his expired transit card and the CTA refused to replace, refund, or redeem the transit card for cash. The parties had already acted and litigation had already ensued. The time for a declaratory action had passed. Count III was properly dismissed.

1-08-3177

C. Breach of Fiduciary Duty (Count IV)

Plaintiff contends the CTA had a fiduciary duty "for the unused portion of money on deposit." Plaintiff's contention fails. "It is well established that parties to a contract do not stand in a fiduciary relationship to one another." Colmar, Ltd. v. Fremantlemedia North America, Inc., 344 Ill. App. 3d 977, 994, 801 N.E.2d 1017 (2003). Plaintiff failed to present any facts outside of the parties' contractual relationship to demonstrate that the CTA is plaintiff's fiduciary. Count IV was, therefore, properly dismissed.

D. Unjust Enrichment (Count V)

Plaintiff contends the CTA was unjustly enriched by retaining the balance on the transit cards once they expired. The theory of unjust enrichment is based upon an implied contract of law and is not available where the parties' relationship is governed by contract. Wheeler-Dealer, Ltd. v. Christ, 379 Ill. App. 3d 864, 872, 885 N.E.2d 350 (2008). As repeatedly stated, the parties entered a contract for carriage. Moreover, implied contracts are not recognized where one of the parties is a municipal corporation. McMahon v. City of Chicago, 339 Ill. App. 3d 41, 48, 789 N.E.2d 347 (2003). The circuit court properly dismissed count V.

E. Conversion (Count VI)

-10-

1-08-3177

Plaintiff contends the CTA converted the funds remaining on his transit card when it expired.

To assert a claim for conversion, a plaintiff must establish that: (1) he has a right to the property at issue; (2) he has an absolute and unconditional right to the immediate possession of that property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. Kovitz Shifrin Nesbit, P.C. v. Rossiello, 392 Ill. App. 3d 1059, 1063-64, 911 N.E.2d 1180 (2009).

Plaintiff cannot assert a claim for conversion. Plaintiff did not have a right to the property at issue, *i.e.*, the money deposited on the transit card. Once plaintiff purchased the transit card with the chosen amount, he relinquished control over the money and gave the CTA permission to deduct the requisite fare when he used the card as payment for transit. The transit card clearly stated that it could not be replaced, refunded, or redeemed for cash. Therefore, upon purchase of the transit card, plaintiff no longer had an absolute and unconditional right to the immediate possession of the money that he paid to obtain the card. Rather, he permitted the CTA to assume control over the money by way of deducting the appropriate balance from the transit card each time it was used to pay a fare. Count VI was

-11-

1-08-3177

properly dismissed.

F. Violation of the Deceptive Trade Practices Act (Count VIII)

Plaintiff contends the trial court erred in finding that he could not seek injunctive relief under the Deceptive Trade Practices Act. In his complaint, plaintiff alleged the CTA engaged in deceptive trade practices pursuant to sections 2(a)(5), 2(a)(10), and 2(a)(12) of the Deceptive Trade Practices Act (815 ILCS 510/2(a)(5), (a)(10), (a)(12) (West 2004)) "when, in the course of its business, the entity represents that goods and services have characteristics or qualities that they do not have, advertises goods and services with intent not to supply reasonably expectable public demand, or engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding."

> "In order to maintain such an act, the consumer must 'allege facts which would indicate that he is "likely to be damaged" in the future.' [Citations.] The problem in most consumer actions under the [Deceptive Trade Practices Act] is the inability to allege facts indicating the likelihood of damage in the future. [Citation.]" Popp v. Cash Station, Inc., 244 Ill. App. 3d 87, 99, 613 N.E.2d 1150 (1992).

Plaintiff cannot do so here. Plaintiff admittedly became aware

-12-

1-08-3177

of the terms and conditions of the transit card in 2005.  The record demonstrates plaintiff has since ceased using transit cards.  Therefore, plaintiff can, and has, avoided the consequences of an expired transit card.  <u>Glazewksi v. Coronet Insurance Co.</u>, 108 Ill. 2d 243, 253, 483 N.E.2d 1263 (1985).  Plaintiff cannot demonstrate he will likely be damaged by the CTA's transit card practices in the future.  Count VIII was properly dismissed.

CONCLUSION

We affirm the judgment of the trial court dismissing plaintiff's complaint.

Affirmed.

HALL, P.J., and GARCIA, J., concur.

1-08-3177

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

HUGH HOWARD, Individually and on Behalf of
All Similarly Situated Persons,

Plaintiff-Appellant,

v.

CHICAGO TRANSIT AUTHORITY, an Illinois
Municipal Corporation,

Defendant-Appellee.

No. 1-08-3177

Appellate Court of Illinois
First District, FIRST DIVISION

June 7, 2010

Justice Bertina E. Lampkin authored the opinion of the court:

Presiding Justice Hall and Justice Garcia concur.

Appeal from the Circuit Court of Cook County.
The Hon. Stuart E. Palmer, Judge Presiding.

**COUNSEL FOR APPELLANT**
Zimmerman Law Offices, P.C., Chicago, IL 60603
OF COUNSEL: Thomas A. Zimmerman, Jr. and
Adam M. Tamburelli

and

Vrdolyak Law Group, LLC., Chicago, IL 60610
OF COUNSEL: John K. Vrdolyak

**COUNSEL FOR APPELLEE**
Kent S. Ray, Acting General Counsel of the Chicago
Transit Authority, Chicago, IL 60680-7564
OF COUNSEL: Brad Jansen, Acting Deputy Counsel

and Stephen L. Wood, Chief Attorney