FOURTH DIVISION
February 3, 2011

No. 1-10-0598

| | | |
|---|---|---|
| DOWNTOWN DISPOSAL SERVICES, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| | ) | |
| v. | ) | Nos. 08M1450748, 08M1450749 |
| | ) | 08M1450750 & 08M1450751 |
| THE CITY OF CHICAGO, a Municipal | ) | |
| Corporation, THE DEPARTMENT OF | ) | |
| ADMINISTRATIVE HEARINGS and | ) | Honorable |
| THE DEPARTMENT OF TRANSPORTATION, | ) | James M. McGing |
| | ) | Judge Presiding. |
| Defendants-Appellees. | ) | |

_____JUSTICE LAVIN delivered the judgment of the court, with opinion.
Presiding Justice Gallagher and Justice Pucinski concurred in the judgment and opinion.

**OPINION**

The City of Chicago (the City) Department of Administrative Hearings (DOAH) entered

four default judgments against Downtown Disposal Services, Inc. (DD), a corporation, for certain

ordinance violations issued by the City's Department of Transportation (DOT).  DD subsequently

moved to set aside the default judgments, alleging that the City did not properly notify DD of the

hearings regarding the violations.  After the DOAH denied the motions, DD's president Peter Van

Tholen filed in the trial court *pro se* complaints for review under the Administrative Review Law

(the Act) (735 ILCS 5/3-101 *et seq.* (West 2008)).  An attorney appeared on DD's behalf

approximately six months after the complaints were filed.  Shortly thereafter, the City moved to

dismiss the complaints on the basis that Van Tholen was not a licensed attorney and, thus, was

unauthorized to file complaints on behalf of a corporation.  The trial court granted the City's

motion and denied DD's motion to amend the complaints to include the signature of its attorney. On appeal, DD contends that its constitutional rights for due process and equal process were violated because it did not receive notice of the DOAH proceedings and its complaints were unfairly dismissed on the basis that they were not signed and filed by an attorney. We reverse the trial court's decision and remand to the trial court for further proceedings.

BACKGROUND

As a threshold matter, we note that several items are absent from the record. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (the appellant carries the burden of presenting a sufficiently complete record on appeal). Nonetheless, the parties' arguments on appeal indicate they apparently do not dispute that the proceedings as to the four ordinance violations ensued in a substantially similar and parallel manner before the DOAH and the trial court. Accordingly, when considering the entire record regarding the four violations together, we are sufficiently able to ascertain the nature of the absent items to resolve this appeal.

The record shows that between December 2007 and March 2008, the DOT issued DD four administrative notices for violating City ordinances pertaining to dumpsters and that the four notices, all of which were mailed to the same address, required DD to appear at hearings on February 4, 2008, March 5, 2008, and April 30, 2008. When DD failed to appear at any of the hearings, the DOAH entered default judgments, each requiring DD to pay $40 in administrative costs and $1,500 in penalties. On August 18, 2008, Van Tholen filed four motions to set aside the default judgments, alleging that he did not receive notice of the hearings.

At a consolidated hearing regarding the four motions on September 19, 2008, Van Tholen

essentially represented that for the previous five years, DD had made several attempts to change the address on file with the City, but that the City had not made the change in its records. Following Van Tholen's testimony, the administrative law officer denied DD relief, finding that the City had sent notification to the address on file for DD and that DD had not provided any documentation showing that DD had changed that address before the notifications were mailed. Following the administrative law officer's determination, the following colloquy ensued:

"ADMINISTRATIVE LAW OFFICER HARRIS: However, you do have a right to appeal the decision - -

MR. VAN THOLEN: I will.

ADMINISTRATIVE LAW OFFICER HARRIS: -- to the Circuit Court.

That's fine, sir. You have a right to appeal the decision to the Circuit Court within 35 days of today's date, and you would do that in Room 602 of the Daley Center."

Van Tholen signed and filed four fill-in-the-blank *pro se* complaints for administrative review on October 16, 2008. Attorney Richard D. Boonstra filed an appearance in all four cases approximately six months later in April 2009.

On July 29, 2009, the City moved to dismiss DD's complaints pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2008)). The City argued that dismissal was required because DD was a corporation and its complaint was impermissibly filed by Van Tholen, who was not a licensed attorney. Specifically, the City argued that a corporation must appear by counsel at all legal proceedings, including the filing of pleadings with the court, and that any action filed by a corporation without an attorney is null and void,

3

even where all subsequent appearances are made by a licensed attorney. The City also argued that the purpose of this strict rule is to discourage frivolous litigation, which may negatively affect a represented party, but did not argue that the litigation at hand was frivolous or had negatively impacted the City. Attached to the motions were DD's complaints and summons, the default judgment orders, and copies of a report indicating that DD was a corporation and its registered agent was Boonstra. The City also attached search results from the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois' website which indicated that Van Tholen was not a licensed attorney.

On September 23, 2009, DD, through Boonstra, filed motions for leave to file amended complaints, alleging, in pertinent part, that the lack of an attorney's signature was a technical, rather than substantive, defect which DD sought to correct by filing an amended complaint signed by its attorney. On October 9, 2009, DD filed four responses to the City's motion to dismiss, which raised substantially the same arguments but also argued that the application of the nullity rule was not automatic and should not be applied where, as here, no legal expertise was required to complete a fill-in-the-blank form. In addition, DD argued that the failure of the form complaint to state that an attorney's signature is necessary where the complainant is a corporation violated its right to due process and that it was unfair for the City to inform DD of its right to pursue administrative review without informing DD that it needed an attorney to do so. DD further argued it was unfair for "corporate plaintiffs to be lured into filing the complaint only to have it summarily dismissed."

On the same day, the City responded to DD's motions for leave to amend its complaints

4

and raised essentially the same arguments as it did in its motions to dismiss. The City also argued that DD could not cure the defects resulting from the signing and filing of DD's complaints by Van Tholen after the 35-day statute of limitations had passed (735 ILCS 5/3-103 (West 2008)). Approximately three months later, DD moved for summary judgment, arguing, in pertinent part, that the City was a municipal corporation, that the individual who signed the citations was not an attorney and therefore, the underlying action filed by the City was void *ab initio*.

At a hearing on January 29, 2010, the cases were consolidated and the City raised substantially the same arguments, contending that the *pro se* complaints were void *ab initio*, notwithstanding that they were fill-in-the-blank forms. The City acknowledged that on occasion, the *pro se* filing of a complaint had been excused, but not in the case of a corporate party. The City also argued that incorporating a business comes with both benefits and responsibilities, including appearing through an attorney. DD argued, in pertinent part, that it would be unfair to find that the completion of this form complaint was the unauthorized practice of law and to foreclose DD relief on that basis. DD argued that if the court decided to apply the nullity rule, it had to go further back to when the City filed the four citations through a layperson.

Following arguments, the court granted the City's motions to dismiss and denied DD's motions to amend the complaint and motions for summary judgment as moot. The trial court found that "this is a troubling issue for the Court" and stated that in administrative review cases, the trial court was "confronted with nonattorneys filing pleadings" on a daily basis but was left to follow First District case law. After noting that the appellate court had previously found that filling in a form was the unauthorized practice of law, the trial court stated as follows:

> "If you review the Complaint that's filed in the Administrative Review cases, it is just that. It is a prepared form. It is handed to anyone who walks into the Clerk's office. They merely have to fill in names and fill in the date that the Findings and Decision was entered against them, and it has form language as to why they are appealing the matter and it initiates this process."

The trial court stated that it was compelled to follow decisions of the First District Appellate Court and that it was not in the position to create new law but believed that certain issues may need to be revisited by that court. The trial court stated as follows:

> "The actual issue in this case as to the filing of this form, is it the unauthorized practice of law?
>
> And then there is [*sic*] other considerations, such as here where the refiling of an action is not available to the party that it would be time barred by dismissal of the pending action, is that too severe an action to impose?
>
> Coupled with the clearly erroneous legal instructions which are being given by the administrative law officers at the City of Chicago Department of Administrative Hearings, where they inform nonattorneys who appear before them representing corporations that you, quotation marks, 'You have the right to appeal this,' and they direct these people to the 6th Floor of Daley Center to file an appeal in these matters."

The trial court further questioned whether a nonattorney representing a corporate entity before the administrative hearings in the City might not also be engaged in the unauthorized practice of

law on behalf of a corporation but found that the issue of the City filing a violation by a layperson was a separate issue that would only have been reached had the trial court proceeded to administrative review. The trial court, referring to either the question of what constitutes the practice of law or what is the result of the unauthorized practice of law, stated he hoped that the First District would revisit "this issue" and that "perhaps the law in this matter would change, but as a trial judge I am not in a position to be creating new law, but to follow clearly delineated Appellate law." On February 26, 2010, DD filed a notice of appeal in all four cases. DD appealed from the order granting the City's motion to dismiss, denying DD's motion to amend and denying DD's motion for summary judgment.

## ADMINISTRATIVE REVIEW

On appeal, DD first asserts that it was denied due process because it was not properly served with notice of the proceedings before the DOAH. We find this issue is not properly before us. The Illinois Administrative Review Law applies to final decisions by the DOAH. *Silver Fox Limousine v. City of Chicago*, 306 Ill. App. 3d 103, 108 (1999); see also 735 ILCS 5/3-101 *et seq*. (West 2008). It is well settled that in administrative cases, our role is to review the administrative agency's decision, rather than the trial court's determination. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 531 (2006). This rule is generally applied, however, to review of an agency's resolution of a claim on its merits. See, *e.g.*, *id.* at 531-43. In addition, a litigant generally may not seek judicial relief from an administrative action unless the party has exhausted all available administrative remedies. *Arvia v. Madigan*, 209 Ill. 2d 520, 531 (2004). Under the Act, "[e]very action to review a final administrative decision shall be

commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3-103 (West 2008).

Here, DD was required to properly commence an action for administrative review in the trial court as a necessary step prior to seeking review in this court of the DOAH's allegedly erroneous judgment, which found that DD had not shown that notice was improper. The trial court found, however, that DD had not properly brought suit in that court, and as a result, it dismissed DD's complaint without considering its claim that notice of the DOAH proceedings was improper. For this court to decide an issue not considered by the trial court would permit DD to skip a necessary step in the administrative review process and render the trial court's role in administrative review meaningless. *Cf. Gardziella v. City of Chicago*, 337 Ill. App. 3d 181, 182-85 (2003) (where the plaintiff properly filed a complaint for administrative review asserting notice of administrative proceedings was improper and the trial court rejected the assertion, the appellate court considered the issue). Although defendant correctly states that we generally review the decision of the agency rather than the trial court, this rule presupposes that the appellant has properly exhausted all available remedies so that the challenge to the agency's decision is properly before the court.

Accordingly, the only issue before us is whether the trial court correctly dismissed DD's complaint pursuant to section 2-619 because Van Tholen's conduct in the trial court rendered DD's complaint a nullity, thereby defeating its claims (735 ILCS 5/2-619(a)(9) (West 2008)), or whether the court erred in applying the nullity rule so that this cause must be reversed and

remanded for further proceedings. See *City of Chicago v. Pooh Bah Enterprises, Inc.*, 224 Ill. 2d 390, 449 (2006) (where the trial court did not reach all issues raised in the administrative review proceedings before it, remand was appropriate so that the trial court, rather than the reviewing court, could first address the remaining issues). We review dismissal of a complaint pursuant to section 2-619 *de novo*. *Howard v. Chicago Transit Authority*, 402 Ill. App. 3d 455, 458 (2010).

FORFEITURE

First, DD asserts that the City has forfeited the right to seek application of the nullity rule based on Van Tholen's unauthorized practice of law because the City failed to raise this issue before the DOAH. See *Cook County Board of Review v. Property Tax Appeal Board*, 395 Ill. App. 3d 776, 786 (2009) (arguments not made before an administrative agency are forfeited). DD has not brought to our attention any case addressing this specific forfeiture argument. In response, the City argues that it cannot have forfeited this argument because the DOAH's rules and regulations permit an authorized representative to appear on behalf of a party at DOAH proceedings. See Department of Administrative Hearings Rules and Regulations §5.1 (eff. July 14, 1997) ("Parties *** may be represented by an attorney or authorized representative ***."). Thus, the City contends that Van Tholen's appearance before the DOAH was permissible and there was no basis to object at that time. Contrary to DD's suggestion, nothing in the regulation at issue indicates that corporations are not parties or that corporate parties cannot invoke this rule. Thus, it is clear that Van Tholen could appear before the DOAH as DD's authorized representative.

Although not acknowledged by the parties, it is possible for an individual to engage in the unauthorized practice of law before an administrative agency, despite an administrative rule permitting a party to act through a nonattorney. See *Sudzus v. Department of Employment Security*, 393 Ill. App. 3d 814, 820-21 (2009) (notwithstanding the legislature's authorization for an agent to represent parties in unemployment insurance cases, only the supreme court has the authority to define and regulate the practice of law) (citing *People ex rel. Chicago Bar Ass'n v. Goodman*, 366 Ill. 346, 352 (1937)). Nonetheless, where, as here, DD has not developed an argument specifically identifying any act of Van Tholen before the DOAH that involved providing legal opinions or advice, or required any legal skill or knowledge, DD's conclusory statement that Van Tholen engaged in the unauthorized practice of law before the DOAH is insufficient to show that the City should have objected and that its failure to do so forfeited its right to invoke the nullity rule.

## EVIDENCE BEFORE THE TRIAL COURT

DD also asserts that the trial court improperly granted the City's motion to dismiss based on facts not in the administrative record, *i.e.*, DD's undisputed status as a corporation and Van Tholen's undisputed status as a nonattorney. Relying on section 3-110 of the Act, DD asserts that new evidence may never be considered by the trial court in administrative cases, regardless of the purpose for which the evidence is being used by the court. Section 3-110 of the Act, which applies to the review of a final administrative decision, states, however, that "[n]o new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court." 735 ILCS 5/3-110 (West 2008); see

10

1-10-0598

also *Board of Education of Rich Township High School District No. 227 v. Brown*, 311 Ill. App. 3d 478, 488 (1999) (in reviewing an administrative decision, the trial court cannot consider any new evidence). Thus, this rule applies where new evidence is being offered in support of or in opposition to an agency's determination.

Stating the obvious, the trial court did not even reach DD's challenge to the propriety of the DOAH's decision, let alone consider new evidence of DD's corporation status or Van Tholen's nonattorney status in reviewing the propriety of the DOAH's decision. On the contrary, the court considered such evidence only as it related to its determining the propriety of the proceedings before the court itself. DD's argument is entirely misplaced.

UNAUTHORIZED PRACTICE OF LAW

We further clarify that although DD argues that the "Application Of The 'Nullity Rule' To Dismiss A Fill-In-The-Blanks Form Complaint" violates its constitutional rights, DD has not developed an argument supported by reasoning and citation to legal authority as to why this court should deviate from prior case law holding that filling out and signing a form complaint, despite its do-it-yourself-nature, constitutes the unauthorized practice of law. See *Housing Authority of the County of Cook v. Tonsul*, 115 Ill. App. 3d 739, 740-42 (1st Dist. 1983). Accordingly, we do not question the trial court's determination that Van Tholen engaged in the unauthorized practice of law when he filled in the blanks on the form complaint. See Ill. S. Ct. R. 341(h)(7) (eff. Sept. 1, 2006).

FORFEITURE OF CONSTITUTIONAL CLAIM

As to DD's assertion that the application of the nullity rule in this instance violated its due

11

process and equal protection rights, the City contends that DD has forfeited this issue by failing to inform the Illinois Attorney General that DD was challenging the constitutionality of Illinois statutes, specifically, section 1 of the Corporation Practice of Law Prohibition Act (705 ILCS 220/1 (West 2008)), and section 1 of the Attorney Act (705 ILCS 205/1 (West 2008)). Pursuant to Supreme Court Rule 19(a), a party challenging the constitutionality of a statute must serve notice of the challenge upon the Attorney General. See Ill. S. Ct. R. 19(a) (eff. Sept. 1, 2006); *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 114 (2004). The purpose of this rule is to permit the Attorney General to intervene in the proceeding to defend the constitutionality of the statute. See *id.* at 114. Failure to strictly comply with Rule 19, although not a jurisdictional defect, may result in forfeiture. See *id.* at 118-19; *Hill v. PS Illinois Trust*, 368 Ill. App. 3d 310, 312 (2006).

Although DD's arguments throughout its briefs could be more clearly stated, we understand DD's position to be that it is not challenging the constitutionality of either statute and merely referenced them in its opening brief as being related statutes. DD represents that it is challenging the constitutionality of the trial court's application of the nullity rule, which is frequently applied by courts independently from the aforementioned statutes to render proceedings a nullity where a layperson appears in court on behalf of another individual or a corporation. Consistent with the recognition that the inherent power to regulate and define the practice of law in Illinois belongs to our supreme court (*Applebaum v. Rush University Medical Center*, 231 Ill. 2d 429, 438-39 (2008)), we find the nullity rule is a court-imposed consequence for the unauthorized practice of law, regardless of whether the unauthorized practice of law may

have also violated a statute. Neither of the aforementioned statutes appeared in the City's motion to dismiss or expressly refer to the nullity rule. See 705 ILCS 220/1 *et seq.* (West 2008); 705 ILCS 205/1 *et. seq.* (West 2008). Nonetheless, because we need not resolve the constitutional questions posed by DD, our disposition will not suffer from lack of input from the Attorney General regarding the constitutionality of any statute. See *City of Chicago v. Powell*, 315 Ill. App. 3d 1136, 1140 (2000) (a reviewing court should not consider constitutional questions if the case can be decided on other grounds). DD's constitutional challenges are based on the trial court's automatic application of the nullity rule. We find that contrary to the trial court's understanding, the nullity rule does not automatically apply to every instance where a layperson has engaged in the unauthorized practice of law.

## THE NULLITY RULE

The City suggests that our review of the nullity rule must be confined to cases applying the rule in the context of an unlicensed person representing a corporation, rather than a natural person. The City fails to acknowledge that this court has previously stated that the nullity rule applies to the unauthorized practice of law on behalf of corporations and natural persons. *Janiczek v. Dover Management Co.*, 134 Ill. App. 3d 543, 546 (1985). In addition, in examining the nullity rule as applied to a corporation represented by its agent, this court, in at least one instance, considered a prior case involving a natural person who was represented by a disbarred attorney. *Berg v. Mid-America Industrial, Inc.*, 293 Ill. App. 3d 731, 737-38 (1997) (citing *Janiczek*, 134 Ill. App. 3d at 546). Similarly, in that very case where the disbarred attorney had represented the natural person, this court considered case law involving the representation of a

13

municipal corporation by its unlicensed agent and the representation of a corporation by its employee. See *Janiczek*, 134 Ill. App. 3d at 545 (citing *Tonsul*, 115 Ill. App. 3d at 740; *Marken Real Estate & Management Corp. v. Adams,* 56 Ill. App. 3d 426, 428 (1977)). Furthermore, in examining the rule in the context of a layperson representing the estate of a decedent, our supreme court addressed a prior case in which it considered the rule in the context of an individual who was represented by professional corporation law firms which lacked required certificates of registration. See generally *Applebaum*, 231 Ill. 2d at 435-45 (citing *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371 (2005)). These cases show that notwithstanding the variety of procedural circumstances which may lead to the unauthorized practice of law, the nullity rule itself, which speaks to the consequence of a violation, is the same. We find it would be inappropriate to limit our assessment of the nullity rule to cases involving the representation of a corporation by a layperson.

As stated, corporations must appear in court through a licensed attorney, rather than a layperson. *Berg*, 293 Ill. App. 3d at 737. In addition, the City correctly asserts that case law has stated that where a layperson practices law on behalf of another party, any proceedings are a "nullity" and any resulting judgment is rendered "void." *Tonsul*, 115 Ill. App. 3d at 740. "This strict rule operates to void the judgment even where the lay agent merely files the complaint over his own signature, and all subsequent court appearances are made by a duly licensed attorney." *Tonsul*, 115 Ill. App. 3d at 740. Other cases have stated that such procedural errors render a judgment "void *ab initio*." *Siakpere v. City of Chicago*, 374 Ill. App. 3d 1079, 1081 (2007); *Berg*, 293 Ill. App. 3d at 738. The rule is based on the recognition that representation by

14

unlicensed individuals involve inherent risks to clients and the integrity of the legal system. *Sperry*, 214 Ill. 2d at 389-90. The purpose of the nullity rule is to protect litigants from the mistakes of ignorant individuals and the schemes of the unscrupulous, as well as to protect the court in its proceedings from individuals who lack the requisite skills. *Janiczek*, 134 Ill. App. 3d at 546. The rule was also intended to ensure that corporations receive the benefit of professional legal counsel. *Berg*, 293 Ill. App. 3d at 738. We agree with the City that language referring to proceedings as a "nullity" and "void" suggests that application of the nullity rule is automatic. More importantly, our supreme court has previously indicated that the nullity rule's application is automatic. "Accordingly, it is well settled that the 'effect of a person's unauthorized practice on behalf of a party is to *require* dismissal of the cause or to treat the particular actions taken by the representative as a nullity.'" (Emphasis added.) *Sperry*, 214 Ill. 2d at 390 (quoting *Pratt-Holdampf v. Trinity Medical Center*, 338 Ill. App. 3d 1079, 1083 (3d Dist. 2003)).

Despite this, appellate court decisions have differed in their adherence to the automatic application of the nullity rule. The City contends that courts have recognized a limited exception to the nullity rule where the person providing representation was a attorney who, for technical reasons lacked authority to practice in Illinois. See *Janiczek v. Dover Management Co.*, 134 Ill. App. 3d 543, 544-47 (1st Dist. 1985) (where an attorney did not notify his client that he had been disbarred and filed a complaint under another attorney's name, the reviewing court did not apply the nullity rule because its purposes would not be furthered); but *cf. Fruin v. Northwestern Medical Faculty Foundation, Inc.*, 194 Ill. App. 3d 1061, 1062-64 (1st Dist. 1990) (where an individual's complaint was signed and timely filed by an attorney licensed only in Wisconsin, and

15

an Illinois attorney subsequently filed an appearance after the statute of limitations had passed, the reviewing court affirmed the dismissal of the complaint with prejudice, declining to apply the holding of *Janiczek* and finding that the plaintiff should have questioned his Wisconsin attorney's ability to practice in Illinois); see also *McEvers v. Stout*, 218 Ill. App. 3d 469, 470-72 (4th Dist. 1991) (where the facts presented were similar to those in *Fruin*, the reviewing court declined to follow *Fruin* and remanded for the plaintiffs' Illinois attorney to sign and file an amended complaint, finding it would be ludicrous to expect the plaintiffs to know their attorney was not authorized to practice law when it took defense counsel more than six months to recognize the problem and that the purposes of the nullity rule would not be furthered by its application).

The City fails to recognize, however, that this court has declined to apply the nullity rule even where the complaint was filed by a layperson. See *Pratt-Holdampf v. Trinity Medical Center*, 338 Ill. App. 3d 1079, 1080-87 (3d Dist. 2003) (where the plaintiff, special administrator of her father's estate, followed the erroneous advice of her Illinois-licensed attorney, who lived out of state, that she should file a timely *pro se* complaint alleging the decedent's wrongful death and have an attorney later amend it, the reviewing court held that the plaintiff should be permitted to file an amended complaint that related back to the original, stating that the nullity rule does not automatically apply and that its purposes would not be furthered by its application); see also *Paddock v. Department of Employment Security*, 184 Ill. App. 3d 945, 948-49 (1st Dist. 1989) (the reviewing court found the trial court erred in allowing the individual plaintiff, who had filed a *pro se* complaint for administrative review, to appear in court through a layperson and remanded for the plaintiff to appear *pro se* or retain counsel); but *cf. Ratcliffe v. Apantaku*, 318 Ill. App. 3d

16

621, 623-28 (1st Dist. 2000) (where the *pro se* plaintiff filed a complaint on behalf of her deceased mother's estate, was later appointed as special administrator and apparently did not attempt to retain an attorney to file an amended complaint, the reviewing court found the plaintiff could not represent the estate and rejected her argument that the trial court was required to appoint counsel for her).

On at least one occasion, this court declined to apply the nullity rule where a corporation president engaged in the unauthorized practice of law. See *Moushon v. Moushon*, 147 Ill. App. 3d 140, 147 (3d Dist.1986) (where a corporation filed a complaint signed by its president rather than an attorney, the complaint recited that the plaintiff "comes by its attorney," and the record showed the corporation was otherwise represented by counsel at all times, the court did not find the resulting judgment was void); but see *Siakpere v. City of Chicago*, 374 Ill. App. 3d 1079, 1080-82 (1st Dist. 2007) (where, following an administrative hearing, a corporate plaintiff was found liable for violating City ordinances, the corporation's president subsequently filed a *pro se* complaint for administrative review on behalf of himself and the corporation and the trial court granted the City's motion to dismiss the complaint, the appellate court found the original complaint was null and void *ab initio* and a new complaint was time barred). We further note that contrary to the trial court's suggestion, the First District of this court has declined to apply the nullity rule on at least two occasions. See *Paddock*, 184 Ill. App. 3d at 948-49; *Janiczek*, 134 Ill. App. 3d at 544-47.

Subsequent to the aforementioned opinions, our supreme court revisited the "nullity-or voidness-rule" in *Applebaum*. *Applebaum*, 231 Ill. 2d at 435. After reciting the well-settled

purposes of the nullity rule, the court stated, that "where a person who is not licensed to practice law in Illinois attempts to represent another party in legal proceedings, this rule *permits* dismissal of the cause, thereby treating the particular actions taken by that person as a nullity." (Emphasis added.) *Applebaum*, 231 Ill. 2d at 435 (citing *Sperry*, 214 Ill. 2d at 390). The court also stated that "[a]lthough the nullity rule is well established in our courts, because the results of its application are harsh it should be invoked only where it fulfills its purposes of protecting both the public and the integrity of the court system from the actions of the unlicensed, and where no other alternative remedy is possible." *Applebaum*, 231 Ill. 2d at 435-36 (citing *Sperry*, 214 Ill. 2d at 380, 390-91; *Pratt-Holdampf*, 338 Ill. App. 3d at 1085; *Ratcliffe*, 318 Ill. App. 3d at 626). Under the specific procedural circumstances presented in *Applebaum*, our supreme court ultimately found that an attorney's inactive status did not equate to the unauthorized practice of law and held that the nullity rule would not be applied to "void" a complaint filed by a licensed, but inactive attorney, who represented the estate of his deceased father as its special administrator and who was the sole beneficiary of the decedent because applying the rule would not serve its purpose. *Applebaum*, 231 Ill. 2d at 432-33, 436, 444-48 (2008).

Although the facts of *Applebaum* are clearly distinguishable, particularly because, there, the plaintiff did not engage in the unauthorized practice of law, we cannot ignore *Applebaum*'s change in recitation of the nullity rule. Contrary to prior case law using mandatory language, *Applebaum* states that the nullity rule "permits," rather than requires, dismissal where an unlicensed person engages in the practice of law. *Applebaum*, 231 Ill. 2d at 435. In addition, *Applebaum* clearly states that the rule "should be invoked only where it fulfills its purposes."

18

*Applebaum*, 231 Ill. 2d at 435-36. In light of the foregoing, we find that application of the nullity rule is neither automatic nor the mandatory result where the unauthorized practice of law occurs. Rather, courts must consider whether under the specific facts presented, application of the rule would serve its purposes. See also *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (finding that pursuant to Illinois State case law, including *Applebaum*, Illinois courts will not dismiss a nonparty's filing out of hand but, rather, "would distinguish between a filing that merely allows the party to go forward and more general prosecution of the lawsuit"); *Prime Location Properties, LLC v. Illinois Environmental Protection Agency*, Ill. Pollution Control Bd. Op. 09-67, slip op. at 1, 3-9 (Aug. 20, 2009) (holding that pursuant to *Applebaum*, the application of the nullity rule was not automatic and applying the rule would not fulfill its purposes where a nonattorney timely filed the original complaint and an attorney subsequently filed an amended complaint after the statute of limitations had passed).

THE TRIAL COURT'S APPLICATION OF THE NULLITY RULE

Here, the trial court dismissed DD's complaint solely because it erroneously believed application of the nullity rule was automatic. In light of the permissive language used in *Applebaum*, we question whether this court should decide if the purposes of the nullity rule would be furthered by its application under these circumstances or whether this determination is a matter best left to the discretion of the trial court. We note that *Applebaum* is silent on this question. Nonetheless, here, the trial court's express reluctance in dismissing the complaint strongly indicates that it would not have applied the nullity rule if given the choice. Consistent with the trial court's concerns, we find no factual or legal reason that application of the nullity rule would

1-10-0598

further the rule's purposes in the case *sub judice*.

Here, Van Tholen appeared on DD's behalf before the DOAH. After denying the motions to set aside the default judgments, the DOAH said to Van Tholen that "*you* do have a right to appeal" (emphasis added) and again said, "*[y]ou* have a right to appeal" (emphasis added). The DOAH also stated that "*you* would do that in Room 602 of the Daley Center." (Emphasis added.) Although we do not impose upon the DOAH an obligation to explain to Van Tholen that DD was required to obtain an attorney to pursue that appeal in the trial court, we cannot say it would be anything but reasonable for Van Tholen to believe that *he* personally had a right to file a complaint for administrative review. It is undisputed that Van Tholen did sign and file timely complaints in the trial court within 35 days of the DOAH's decision. 735 ILCS 5/3-103 (West 2008). For approximately six months, the City did not notice that DD's complaints were not signed by an attorney, which suggests that until that point, the City was not suffering from the schemes of the unscrupulous or the mistakes of the ignorant. Rather, the City noticed the defects in the complaints only when DD attempted to properly appear in court through an attorney. In moving to dismiss the complaints, the City recognized the purposes of the nullity rule, but did not explain how those purposes were implicated in the case at hand. Similarly, it appears from the trial court's comments that it did not find the proceedings had somehow been corrupted by Van Tholen's conduct or that DD was in anyway harmed by Van Tholen's conduct. We do not see how the purposes of the nullity rule here would be furthered by its application under this specific set of facts.

We also find that the lack of an attorney's signature on the complaints can be easily cured.

If the nullity rule is not applied, then the original complaints are not "void" but would remain timely filed complaints. DD should be permitted to file amended complaints, bearing the signature of its attorney, which relate back to the original complaints. See *Pratt-Holdampf*, 338 Ill. App. 3d at 1087.

We recognize that in *Siakpere*, where the First District was presented with facts substantially similar to the present case, the court found the initial complaint was null and void *ab initio* and that a new complaint would be time barred, and it affirmed the dismissal of the complaint. The *Siakpere* decision was rendered prior to *Applebaum* and treated the nullity rule's application as being an automatic requirement. Furthermore, the *Siakpere* court did not acknowledge the Third District's decision in *Pratt-Holdampf*, where the plaintiff was permitted to file an amended complaint. See *Pratt-Holdampf*, 338 Ill. App. 3d at 1087. As a result, we find that under these circumstances, permitting DD to file an amended complaint curing the defect in the original complaint is more appropriate than the harsh result of dismissing the original complaint with prejudice.

In conclusion, under these specific procedural facts, we find the trial court erred in granting the City's motions to dismiss the complaints based on its determination that the nullity rule rendered the complaint a nullity. It follows that the court incorrectly determined that the dismissal of the complaints rendered DD's motions to amend and motion for summary judgment moot. Accordingly, we reverse the trial court's judgment dismissing the complaints and denying DD's motions to amend and for summary judgment. On remand, the original complaints must be reinstated, DD will have the opportunity to file amended complaints and the parties will otherwise

1-10-0598

continue with the pleading process.

Reversed and remanded.

1-10-0598

REPORTER OF DECISIONS – ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| | | |
|---|---|---|
| Please Use Following Form:<br><br>Complete TITLE of Case | DOWNTOWN DISPOSAL SERVICES, INC.,<br><br>                        Plaintiff-Appellant,<br><br><br>                v.<br><br>THE CITY OF CHICAGO, a Municipal Corporation, THE DEPARTMENT OF ADMINISTRATIVE HEARINGS and THE DEPARTMENT OF TRANSPORTATION,<br><br>                    Defendants-Appellees. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Docket No.<br><br>COURT<br><br><br>Opinion Filed | No. 1-10-0598<br>Appellate Court of Illinois<br>First District, FOURTH Division<br><br>February 3, 2011<br>(Give month, day and year) | |
| JUSTICES | JUSTICE LAVIN delivered the judgment of the court, with opinion.<br>Gallagher, P.J., and Pucinski, J., concurred. | |
| APPEAL from the Circuit Ct. of Cook County. | Lower Court and Trial Judge(s) in form indicated in the margin:<br>The Honorables James M. McGing, Judge Presiding. | |

23

1-10-0598

| For APPELLANTS, John Doe, of Chicago.<br><br>For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel)<br><br>Also add attorneys for third-party appellants or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented.<br><br>Attorneys for **Plaintiff/Appellant:**<br><br>Richard D. Boonstra<br>Hoogendoorn & Talbot LLP<br>122 S. Michigan Ave. Suite 1220<br>Chicago, IL 60603-6263<br>312.786.2250<br><br>Attorneys for **Defendants/Appellees**:<br><br>Mara S. Georges<br>Corporation Counsel<br>of the City of Chicago<br>Benna Ruth Solomon, Myriam Zreczny Kasper, and<br>Christopher S. Norborg, Of counsel<br>30 N. LaSalle St., suite 800<br>Chicago, IL 60602<br>312.742.0115 |