WILLIAM E. DUFFIN, U.S. Magistrate Judge
On August 21, 2018, the United States filed a verified complaint for civil forfeiture in rem against the defendant property. Francis Burns, who is identified in the complaint as a person associated with the defendant property, has filed various documents with the court. (ECF No. 9, 11, 12, 16) It appears that Burns is, in part, attempting to assert a claim in the defendant property on behalf of World Burns, Inc., of which Burns identifies himself as an "authorized representative." (ECF No. 12 at 2.)
The United States has moved to strike the putative claim of World Burns, Inc. because it was not filed by an attorney. (ECF No. 13.) It also asks the court to strike the putative counterclaim of the claimants because a counterclaim is not permitted in a forfeiture action. (ECF No. 13.)
No one responded to the United States' motion. However, the court did receive a document captioned "Motion for Settlement & Release of Interest" from Burns, to which he attached various documents. (ECF No. 16.)
The United States' motion to strike will be granted.
It is well-established that "[a] corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court." United States v. Hagerman , 545 F.3d 579, 581 (7th Cir. 2008) (citing Rowland v. California Men's Colony , 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ; Scandia Down Corp. v. Euroquilt, Inc. , 772 F.2d 1423, 1427 (7th Cir. 1985) ); see also In re IFC Credit Corp. , 663 F.3d 315, 318 (7th Cir. 2011) ("Corporations unlike human beings are not permitted to litigate pro se."). This rule applies even if the corporation is owned by only a few closely related individuals or by a single person who seeks to appear on behalf of the corporation. See, e.g. , In re AT&T Fiber Optic Cable Installation Litig. , 2010 WL 5152407, *1-2, 2010 U.S. Dist. LEXIS 132286, *9-10 (S.D. Ind. Dec. 13, 2010). "[T]he right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." Id. at 581-82. "Inability to litigate pro se can be thought of as part of the price for corporations' privileges." In re IFC Credit Corp. , 663 F.3d 315, 318 (7th Cir. 2011). "[C]orporations must appear by counsel or not at all." Scandia Down Corp. v. Euroquilt, Inc. , 772 F.2d 1423, 1427 (7th Cir. 1985) (citing Strong Delivery Ministry Ass'n v. Board of Appeals , 543 F.2d 32, 33-34 (7th Cir. 1976) ).
*1009 In the context of forfeiture litigation, a corporate officer must assert the claim of the corporation, see United States v. Four Thousand Two Hundred Seventy-Eight Dollars ($ 4,278) in United States Currency , No. 12-10253, 2014 WL 3420774 at *5-6, 2014 U.S. Dist. LEXIS 94967 at *14 (E.D. Mich. July 14, 2014), but the corporation must still be represented by an attorney, see Gen. L.R. 83(e) ("Only natural persons, including those operating sole proprietorships, may appear pro se. Legal entities, such as corporations, partnerships, unincorporated associations, limited liability companies, or trusts, must be represented by legal counsel.").
There is no indication that Burns is an attorney licensed to practice before this court. Consequently, he cannot assert a claim on behalf of World Burns, Inc., and the purported claim he filed on the corporation's behalf (ECF No. 12) is stricken. Stricken also is the purported "Counterclaims" Burns filed on behalf of World Burns, Inc. (ECF No. 11.)
To the extent Burns personally has a claim in the defendant property, he may represent himself as natural person. Nonetheless, to the extent the "Counterclaims" might be construed as applying to Burns personally, it is stricken as unauthorized. Only a defendant may assert a counterclaim. The defendant in this action is the property. A claimant is not a defendant and therefore may not assert a counterclaim. See Zappone v. United States , 870 F.3d 551, 561 (6th Cir. 2017) (citing United States v. One Lot of U.S. Currency ($ 68,000) , 927 F.2d 30, 34 (1st Cir. 1991) ).
Finally, Burns's "Motion for Settlement & Release of Interest" (ECF No. 16) is denied. The motion is wholly without lawful basis.
IT IS THEREFORE ORDERED that the notice of claim purportedly filed by World Burns, Inc. and any other document to the extent it was filed by Francis Burns on behalf of World Burns, Inc. are stricken . Any valid claim and answer to the complaint shall be filed not later than 21 days from the date of this order.
IT IS FURTHER ORDERED that the claimant's purported "Counterclaim" (ECF No. 11) is stricken .
IT IS FURTHER ORDERED that Burns's "Motion for Settlement & Release of Interest" (ECF No. 16) is denied .