> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 30, 2019[*]
Decided July 30, 2019

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-2985

| | |
|---|---|
| ARLENE R. ATHERTON,<br>　　　*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18-cv-02321 |
| ST. VINCENT HOSPITAL, et al.,<br>　　　*Defendants-Appellees*. | Andrea R. Wood,<br>*Judge*. |

### O R D E R

Arlene Atherton has filed four complaints in the Northern District of Illinois, suing nine New York entities and residents for their roles in her allegedly unlawful commitment to New York psychiatric hospitals. The case before us—the last to be adjudicated in the district court—was dismissed at screening based on res judicata and improper venue. *See* 28 U.S.C. § 1915(e). We affirm the judgment on both grounds.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

In her complaint, Atherton states that the district court previously dismissed a nearly identical suit. Both suits allege that the defendants wrongly arrested her and discriminated against her based on her disabilities, and that her commitment violated her free exercise of religion, due-process rights, and liberty. The district court dismissed the earlier suit because Atherton had failed to obey an order that she either file a proper application for leave to proceed in forma pauperis or pay the filing fee.

Atherton asserts that her current suit is her attempt to reopen the earlier one, but filing a new suit is not the proper way to ask a court to reopen a dismissed case. After the district court dismissed the first suit, Atherton had several options, none of which she pursued: She did not appeal the dismissal, *see* FED. R. APP. P. 3, move the district court to modify the dismissal, *see* FED. R. CIV. P. 59(e), or ask that court to grant relief from the dismissal, *see* FED. R. CIV. P. 60(b). Because the first case is closed, the judgment there can, and as we are about to explain does, bar this suit.

Atherton challenges whether res judicata bars this case, but we agree with the district court that it does. Although res judicata is an affirmative defense, dismissal at screening is proper when it is clear "from the face of the complaint" that res judicata bars the claims. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A district court may dismiss a suit based on res judicata if the plaintiff's earlier suit raised identical claims against the same parties (or their privies) and reached a final judgment on the merits. *See Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015). That is all evident from Atherton's complaint. She sues seven of the defendants whom she previously sued and labels this suit a "reopen[ing] of a previous complaint." Moreover, the earlier dismissal was on the merits. Under Rule 41(b) of the Federal Rules of Civil Procedure, when, as here, the district court dismisses a suit for plaintiff's failure to comply with a court order, the dismissal "operates as an adjudication on the merits." *See Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). (Although Rule 41 refers to dismissals prompted by a defendant's motion, the Rule also applies when a court sua sponte dismisses the suit for violations of court orders. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630 (1963).)

Atherton responds that res judicata does not block the claims against the two defendants whom she did not previously sue—Westchester County Government and the New York State Office of Mental Health. She adds that she should be allowed to proceed on those claims in the Northern District of Illinois because venue is proper. She may be correct about res judicata, but she is wrong about venue. To show that venue is

proper, Atherton argues that the district court had federal-question jurisdiction over her claims against the two new defendants. But a federal question establishes subject-matter jurisdiction; it has no bearing on whether the plaintiff brought the suit in the proper court from a geographic standpoint. *See* 28 U.S.C. § 1390(a).

As with res judicata, improper venue is an affirmative defense that district courts ordinarily should not consider at screening. *See Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). But the complaint establishes that venue in Illinois is improper, so the district court acted properly when it addressed the defense. Atherton specifies in her complaint that the defendants are New York government entities, and all relevant events—including Atherton's psychiatric commitment—took place in that state. *See* 28 U.S.C. § 1391(b). The district court thus permissibly dismissed these two defendants for improper venue, and it rightly described their dismissal as without prejudice. *See* 28 U.S.C. § 1406; *In re IFC Credit Corp.*, 663 F.3d 315, 320 (7th Cir. 2011).

AFFIRMED